**Investors Savings Bank v. Hillside Valley, L.P.**

444

C.P. of Lehigh County, No. 2011-C-0912.

*Cheryl A. Garber*, for plaintiffs.
*Joel B. Wiener*, for defendants.

JOHNSON, *J.*, March 20, 2013—

I. Introduction

Before the court are two consolidated cases. The first is an action in mortgage foreclosure brought by Investors Savings Bank, ("Investors"), against Hillside Valley L.P., ("borrower"), in which a confessed judgment was entered

on December 21, 2010. The second action was instituted on February 23, 2011 against Defendants David M. Connolly ("Connolly") and Richard Colasuonno ("Colasuonno") (collectively "defendants") for breach of the Guaranty of Payment ("guaranty") that the defendants executed. The issues before the court are: 1) the standing of DRA Hillside L.P. ("DRA") in this case; 2) the amount due on the construction and permanent note between borrower and DRA ("note"); 3) the fair market value of the subject property located at 301-699 River Drive (a/k/a River Road) lot 003, block 004, PIN number 6407914595401, Allentown PA ("property") as of January 27, 2012, which includes the sub-issues of the cost to complete construction and the developer's discount incentive rate; 4) the deficiency, if any, owed by the defendants; and 5) the set-off, if any, to which the defendants are entitled as against any deficiency.

## II. Findings

We find that, on September 30, 2011, Investors assigned all of its right, title and interest in and to the guaranty, note, mortgage and related loan documents to DRA pursuant to the bill of sale and assignment of note, mortgage and other loan documents. Plaintiff's exhibit 1. Pursuant to section 19 of the guaranty, the guaranty is "binding upon and shall inure to the benefit of Lender...and [its] respective heirs, personal representatives, successors and assigns. This Guaranty may be assigned by lender with respect to all or any portion of the obligations guaranteed hereby, and when so assigned Guarantor shall be liable under this Guaranty to the assignee(s) of the portion(s) of the

obligations guaranteed hereby so assigned..." Plaintiff's Exhibit 9 at ¶ 19. Although the actual agreement between DRA and investors was not provided to the court, the bill of sale clearly assigns all rights to DRA as evidenced by the phrase "without limitation" preceding the list of instruments assigned as set forth in the bill of sale. Therefore, DRA stands in the shoes of investors for the purposes of this case and is the proper plaintiff to bring suit to enforce both the guaranty and the note.

We find that, on or about December 21, 2010, a confession of judgment was entered in favor of investors and against borrower in the amount of $15,551,479.97 in the Lehigh County Court of Common Pleas, in the action captioned as *Investors Savings Bank v. Hillside Valley, L.P.*, No. 2010-N-1259 ("confession of judgment"). Jonathan Stein ("Stein"), after first testifying that the balance due was approximately $16,500,000.00, had his recollection refreshed upon being presented with a piece of paper, which was simply a listing of figures and which was not admitted into evidence, testified that the balance due on the note is sixteen million five hundred forty-nine thousand nine hundred thirty-three dollars and twenty-one cents ($16,549,933.21). Plaintiff fails to present satisfactory documentary evidence of this figure, when it is readily available and is the best evidence of the balance due on the note. A simple bank statement or account ledger from the bank should show the proper balance due. While this court finds Stein's testimony credible, the fact that he asserts that his company's agreement with investors is confidential does not relieve DRA, as a plaintiff, of its

burden to present sufficient evidence to prove its claims. The confession of judgment is the most credible and reliable, and thus the best, evidence that the plaintiff has provided and, thus, this court finds that $15,551,479.97 is the balance due on the note.

We find the expert testimony of Linda Dietrick ("Dietrick") credible in all respects and as to her determination of the fair market value of the property as of January 27, 2012, the date of the sheriff's sale. According to Dietrick's testimony, the fair market value as of January 27, 2012 was $7,280,000.00. We find that this valuation is properly supported by facts, reasons and basis for Dietrick's opinion. We find that the cost to complete construction, which is used in determining fair market value, is $8,742,419, as testified to by Dietrick. We also accept her finding as to construction costs in determining fair market value. Further, we accept 20% as the developer discount rate, as testified to by Dietrick. Defendant presented no expert witness to contradict Dietrick's testimony. Thus, we find that the fair market value of the property as of January 27, 2012 is $7,280,000.00.

We find that the deficiency due under the guaranty is $8,271,479.97. We arrive at this figure by starting with the amount due on the note, as stated in the confession of judgment, $15,551,479.97, and subtracting the fair market value at the time of the sheriff's sale, $7,280,000.00.

We find that no setoff can be awarded in favor of the defendants and against the plaintiff to decrease the deficiency they owe to DRA. The defendants testified only as to general figures, testified that they spent

"approximately" $980,000.00 in payments on the note and for improvements to the property, and failed to provide any specific information or documentation to support those figures. In addition, the court does not find the testimony of the defendants credible; in part, because of its lack of specificity and, in part, because of their manner of testifying and, as to Connolly, in part, because of his criminal conviction for securities fraud and money laundering.

## III. Conclusion

Based on the findings set forth above, Connolly and Colasuonno signed a valid guaranty along with the other related documents to the subject loan. Upon default, a confession of judgment was entered in the amount of $15,551,479.97. The fair market value of the property as of January 27, 2012 was $7,280,000.00. The defendants are not entitled to any set-off against the amount owed. The result of these findings is that the defendants, Connolly and Colasuonno, owe DRA a deficiency under the guaranty of $8,271,479.97.

## ORDER

And now, this 20th day of March, 2013, after conducting a non-jury trial on February 5, 6, and 7, 2013, and for the reasons set forth in the accompanying opinion;

It is hereby ordered that a verdict is entered in favor of the plaintiff, DRA Hillside L.P., and against defendants, David M. Connolly and Richard Colasuonno, in the amount of $8,271,479.97.